Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Daniel C. Kiang (SBN 307,961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIPOPSUN INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendant. | Civil Action No. **'17 CV 1838 LAB BGS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL]** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Lipopsun International Corporation ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116(a), 1121(a), and 1125(a), as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent, trademark, and trade dress infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Oakley is informed and believes, and thereon alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d), and 1400(b).

## THE PARTIES

4. Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

COMPLAINT

5.    Oakley is informed and believes, and thereon alleges, that Defendant Lipopsun is a corporation organized and existing under the laws of the State of California, having its principal place of business at 4641 District Boulevard, Vernon, California 90058.

## **GENERAL ALLEGATIONS**

6.    Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

7.    On May 8, 2012, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D659,180 ("D180 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D180 Patent.  A true and correct copy of the D180 Patent is attached hereto as Exhibit 1.

8.    On February 23, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D610,604 ("D604 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D604 Patent.  A true and correct copy of the D604 Patent is attached hereto as Exhibit 2.

9.    On June 1, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D616,919 ("D919 Patent"), titled "EYEGLASS FRONT."  Oakley is the owner by assignment of all right, title, and interest in the D919 Patent.  A true and correct copy of the D919 Patent is attached hereto as Exhibit 3.

10.    On August 3, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D620,970 ("D970 Patent"), titled "EYEGLASS COMPONENT."  Oakley is the owner by assignment of all right, title, and

/ / /

1  interest in the D970 Patent.  A true and correct copy of the D970 Patent is
2  attached hereto as Exhibit 4.

3      11.  On May 8, 2012, the U.S.P.T.O. duly and lawfully issued United
4  States Design Patent No. D659,182 ("D182 Patent"), titled "EYEGLASS AND
5  EYEGLASS COMPONENT."  Oakley is the owner by assignment of all right,
6  title, and interest in the D182 Patent.  A true and correct copy of the D182
7  Patent is attached hereto as Exhibit 5.

8      12.  On February 26, 2013, the U.S.P.T.O. duly and lawfully issued
9  United States Design Patent No. D676,898 ("D898 Patent"), titled "EYEGLASS
10  AND EYEGLASS COMPONENT."  Oakley is the owner by assignment of all
11  right, title, and interest in the D898 Patent.  A true and correct copy of the D898
12  Patent is attached hereto as Exhibit 6.

13      13.  On May 5, 2015, the U.S.P.T.O. duly and lawfully issued United
14  States Design Patent No. D728,664 ("D664 Patent"), titled "EYEGLASS."
15  Oakley is the owner by assignment of all right, title, and interest in the D664
16  Patent.  A true and correct copy of the D664 Patent is attached hereto as Exhibit
17  7.

18      14.  On July 31, 2007, the U.S.P.T.O. duly and lawfully issued United
19  States  Design  Patent  No.  D547,794  ("the  D794  Patent"),  titled
20  "EYEGLASSES."  Oakley is the owner by assignment of all right, title and
21  interest in the D794 Patent.  A true and correct copy of the D794 Patent is
22  attached hereto as Exhibit 8.

23      15.  On November 6, 2007, the U.S.P.T.O. duly and lawfully issued
24  United States Design Patent No. D554,689 ("the D689 Patent"), titled
25  "EYEGLASS FRAME."  Oakley is the owner by assignment of all right, title
26  and interest in the D689 Patent.  A true and correct copy of the D689 Patent is
27  attached hereto as Exhibit 9.

28  / / /

16.     On December 4, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D556,818 ("the D818 Patent"), titled "EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title and interest in the D818 Patent.  A true and correct copy of the D818 Patent is attached hereto as Exhibit 10.

17.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that have infringed Oakley's patent rights, including the D180 Patent, D604 Patent, D919 Patent, D970 Patent, D182 Patent, D898 Patent, D664 Patent, D794 Patent, D689 Patent, and D818 Patent (collectively, the "Asserted Patents").

18.     Oakley manufactures and sells sunglasses under the mark HOLBROOK bearing distinctive trade dress in the overall design of the sunglasses ("HOLBROOK Trade Dress").  An example of an Oakley product bearing the distinctive HOLBROOK Trade Dress is depicted in the photograph attached as Exhibit 11.

19.     As a result of Oakley's widespread use and display of the HOLBROOK Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HOLBROOK Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HOLBROOK Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the HOLBROOK Trade Dress has established strong secondary meaning and extensive goodwill.

20.     The HOLBROOK Trade Dress is not functional.  The design features embodied by the HOLBROOK Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the HOLBROOK Trade Dress is not a competitive necessity.

/ / /

COMPLAINT

21.     Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.

22.     This is at least the second time that Defendant has been accused of infringing Oakley's intellectual property rights.  On or about March 26, 2015, Oakley filed a lawsuit against Defendant alleging, *inter alia*, that Lipopsun's sunglass models XF006PL and XF003SD infringed each of the D604 Patent, the D919 Patent, and the D970 Patent.  Lipopsun's XF006PL and XF003SD models are shown below.



*XF006PL*                              *XF003SD*

23.

24.

COMPLAINT

1

2

3    25.    Defendant's acts complained of herein have caused Oakley to

4  suffer irreparable injury to its business.   Oakley will continue to suffer

5  substantial loss and irreparable injury unless and until Defendant is enjoined

6  from its wrongful actions complained of herein.

7    26.    Oakley is informed and believes, and on that basis alleges, that

8  Defendant's acts complained of herein are willful and deliberate.

9    27.    Defendant's acts complained of herein have caused Oakley to

10 suffer irreparable injury to its business.   Oakley will suffer substantial loss of

11 goodwill and reputation unless and until Defendant is preliminarily and

12 permanently enjoined from its wrongful actions complained of herein.

13                    **FIRST CLAIM FOR RELIEF**

14                       (Patent Infringement)
                          (35 U.S.C. § 271)
15

16    28.    Oakley repeats and re-alleges the allegations of Paragraphs 1-27 of

17 this Complaint as if set forth fully herein.

18    29.    This is a claim for patent infringement under 35 U.S.C. § 271.

19    30.    Defendant, through its agents, employees, and/or servants has, and

20 continues to, knowingly, intentionally, and willfully infringe the D180 Patent by

21 making, using, selling, offering for sale, and/or importing eyewear having a

22 design that would appear to an ordinary observer to be substantially similar to

23 the claim of the D180 Patent, for example, Defendant's XF032 model

24 sunglasses as shown below.

25 / / /

26 / / /

27 / / /

28 / / /

| Accused Product | Oakley Patent |
|:---:|:---:|
| XF032 | D659,180 |



31.     Defendant's acts of infringement of the D180 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D180 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF032 model sunglass is an identical copy of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D180 Patent.   Defendant infringed the D180 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D180 Patent. Defendant's acts of infringement of the D180 Patent were not consistent with the standards of commerce for its industry.

32.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D604 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to

the claim of the D604 Patent, for example, Defendant's XF006 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF006 | D610,604 |
|  |  |

33.    Defendant's acts of infringement of the D604 Patent were undertaken without permission or license from Oakley. Defendant had actual knowledge of Oakley's rights in the design claimed in the D604 Patent, at least through a prior litigation that Oakley filed against Defendant on or about March 26, 2015, which also alleged infringement of the D604 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF006 model sunglass is an identical copy of Oakley's patented design.    Accordingly, Defendant's actions constitute willful and intentional infringement of the D604 Patent.  Defendant infringed the D604 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D604 Patent.  Defendant's acts of infringement of the D604 Patent were not consistent with the standards of commerce for its industry.

34.    Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D919 Patent by making, using, selling, offering for sale, and/or importing eyewear having a

design that would appear to an ordinary observer to be substantially similar to the claim of the D919 Patent, for example, Defendant's XF006 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF006 | D616,919 |
|  |  |

35. Defendant's acts of infringement of the D919 Patent were undertaken without permission or license from Oakley. Defendant had actual knowledge of Oakley's rights in the design claimed in the D919 Patent, at least through a prior litigation that Oakley filed against Defendant on or about March 26, 2015, which also alleged infringement of the D919 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF006 model sunglass is an identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D919 Patent. Defendant infringed the D919 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D919 Patent. Defendant's acts of infringement of the D919 Patent were not consistent with the standards of commerce for its industry.

36. Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D970 Patent by

making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D970 Patent, for example, Defendant's XF006 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF006 | D620,970 |
|  |  |

37.   Defendant's acts of infringement of the D970 Patent were undertaken without permission or license from Oakley. Defendant had actual knowledge of Oakley's rights in the design claimed in the D970 Patent, at least through a prior litigation that Oakley filed against Defendant on or about March 26, 2015, which also alleged infringement of the D970 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF006 model sunglass is an identical copy of Oakley's patented design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D970 Patent.  Defendant infringed the D970 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D970 Patent.  Defendant's acts of infringement of the D970 Patent were not consistent with the standards of commerce for its industry.

/ / /

38.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D182 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D182 Patent, for example, Defendant's XF017 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF017 | D659,182 |
|  |  |

39.     Defendant's acts of infringement of the D182 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D182 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF017 model sunglass is an identical copy of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D182 Patent.  Defendant infringed the D182 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D182 Patent.

Defendant's acts of infringement of the D182 Patent were not consistent with the standards of commerce for its industry.

40.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D898 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D898 Patent, for example, Defendant's XF017 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF017 | D676,898 |



41.     Defendant's acts of infringement of the D898 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D898 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF017 model sunglass is an identical copy of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D898 Patent.  Defendant infringed the D898 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant

should have known, that its actions constitute infringement of the D898 Patent. Defendant's acts of infringement of the D898 Patent were not consistent with the standards of commerce for its industry.

42.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D664 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D664 Patent, for example, Defendant's XF015 model sunglasses as shown below.

| Accused Product | Oakley Patent |
|---|---|
| XF015 | D728,664 |
|  |  |

43.     Defendant's acts of infringement of the D664 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D664 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's XF015 model sunglass is an identical copy of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D664 Patent.  Defendant infringed the D664 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant

should have known, that its actions constitute infringement of the D664 Patent. Defendant's acts of infringement of the D664 Patent were not consistent with the standards of commerce for its industry.

44.     Oakley is informed and believes, and thereon alleges, that Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D794 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D794 Patent, for example, Defendant's sunglasses shown below.

| Accused Product | Oakley Patent |
|---|---|
|  | D547,794<br> |

45.     Oakley is informed and believes, and thereon alleges, that Defendant's acts of infringement of the D794 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in D794 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's sunglass is an identical copy of Oakley's patented design.  Accordingly, Oakley is informed and believes, and thereon alleges, that Defendant's actions constitute willful and intentional infringement of the D794 Patent.  Oakley is informed and believes, and thereon

-14-                                    COMPLAINT

alleges, that Defendant infringed the D794 Patent with reckless disregard of Oakley's patent rights.  Oakley is informed and believes, and thereon alleges, that Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D794 Patent.  Oakley is informed and believes, and thereon alleges, that Defendant's acts of infringement of the D794 Patent were not consistent with the standards of commerce for its industry.

46.    Oakley is informed and believes, and thereon alleges, that Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D689 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D689 Patent, for example, Defendant's sunglasses shown below.

| Accused Product | Oakley Patent |
|---|---|
| | D554,689 |



47.    Oakley is informed and believes, and thereon alleges, that Defendant's acts of infringement of the D689 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in D689 Patent.  Oakley and its iconic designs are well-known

1   throughout the eyewear industry, and Defendant's sunglass is an identical copy

2   of Oakley's patented design.   Accordingly, Oakley is informed and believes,

3   and thereon alleges, that Defendant's actions constitute willful and intentional

4   infringement of the D689 Patent.   Oakley is informed and believes, and thereon

5   alleges, that Defendant infringed the D689 Patent with reckless disregard of

6   Oakley's patent rights.   Oakley is informed and believes, and thereon alleges,

7   that Defendant knew, or it was so obvious that Defendant should have known,

8   that its actions constitute infringement of the D689 Patent.   Oakley is informed

9   and believes, and thereon alleges, that Defendant's acts of infringement of the

10   D689 Patent were not consistent with the standards of commerce for its

11   industry.

12        48.     Oakley is informed and believes, and thereon alleges, that

13   Defendant, through its agents, employees, and/or servants has, and continues to,

14   knowingly, intentionally, and willfully infringe the D818 Patent by making,

15   using, selling, offering for sale, and/or importing eyewear having a design that

16   would appear to an ordinary observer to be substantially similar to the claim of

17   the D818 Patent, for example, Defendant's sunglasses shown below.

| Accused Product | Oakley Patent |
|---|---|
|  | D556,818  |

18        49.     Oakley is informed and believes, and thereon alleges, that

27   Defendant's acts of infringement of the D818 Patent were undertaken without

permission or license from Oakley. Oakley is informed and believes, and thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in D818 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's sunglass is an identical copy of Oakley's patented design.  Accordingly, Oakley is informed and believes, and thereon alleges, that Defendant's actions constitute willful and intentional infringement of the D818 Patent.  Oakley is informed and believes, and thereon alleges, that Defendant infringed the D818 Patent with reckless disregard of Oakley's patent rights.  Oakley is informed and believes, and thereon alleges, that Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D818 Patent.  Oakley is informed and believes, and thereon alleges, that Defendant's acts of infringement of the D818 Patent were not consistent with the standards of commerce for its industry.

50.   As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

51.   Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

52.   Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

53.   Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the Asserted Patents.

54.   Due to Defendant's actions, constituting patent infringement, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

/ / /

55.    Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless and until Defendant is enjoined by this Court.

## SECOND CLAIM FOR RELIEF

(Trade Dress Infringement)
(15 U.S.C. § 1125(a))

56.    Oakley repeats and re-alleges the allegations of paragraphs 1-27 of this Complaint as if set forth fully herein.

57.    This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

58.    Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.   As shown below, for example, Defendant's KS1375 model sunglasses, which are sold and/or offered for sale, for example, on Defendant's website www.lipopsun.com, use a trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress.

| Accused Product | HOLBROOK TRADE DRESS |
|---|---|
| KS1375 | HOLBROOK Trade Dress |
|  |  |

59.    Defendant's use of the HOLBROOK Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to

-18-                                    COMPLAINT

deceive as to the affiliation, connection, or association of Defendant with Oakley.

60.     Oakley is informed and believes, and thereon alleges, that Defendant infringed Oakley's trade dress rights with the intent to unfairly compete with Oakley, to trade upon Oakley's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by Oakley, when they are not, resulting in a loss of reputation in, and mischaracterization of, Oakley's products and its brand, damaging its marketability and saleability.

61.     Defendant's activities constitute willful and intentional infringement of Oakley's trade dress rights in total disregard of Oakley's proprietary rights, and were done despite Defendant's knowledge that use of the HOLBROOK Trade Dress was and is in direct contravention of Oakley's rights.

62.     Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting trade dress infringement, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.     Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

64.     Due to Defendant's actions, constituting trade dress infringement, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

/ / /

/ / /

65.     Defendant will continue to infringe Oakley's trade dress rights to the great and irreparable injury of Oakley, unless and until Defendant is enjoined by this Court.

### **THIRD CLAIM FOR RELIEF**

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))

66.     Oakley repeats and re-alleges the allegations of paragraphs 1-27 and 56- 63 of this Complaint as if set forth fully herein.

67.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

68.     Defendant's use of the HOLBROOK Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

69.     Defendant's use of the HOLBROOK Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

70.     Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the HOLBROOK Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all

in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

71.     Oakley is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

72.     Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and/or unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73.     Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's acts constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

74.     Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

75.     Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or

misleading representations of fact, and unfair competition, unless and until Defendant is enjoined by this Court.

### **FOURTH CLAIM FOR RELIEF**

(Breach of Contract)

76.    Oakley repeats and re-alleges the allegations of paragraphs 1-55 of this Complaint as if set forth fully herein.

77.    ███████████████████████████████████████

███████████████████████████████████

78.    ███████████████████████████████████████

██████████████████████████

79.    ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

80.    ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████

███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████

*XF006*

1

2

3

4

5

6        *XF006PL*                *XF003SD*

7       81.

8

9

10

11

12

13       82.     As a foreseeable, direct, and proximate result of Defendant's

14 breach of contract, Oakley has suffered irreparable injury to its rights and

15 pecuniary damages. Oakley is informed and believes, and thereon alleges, that

16 Defendant has derived and received, and will continue to derive and receive,

17 gains, profits, and advantages from Defendant's breach of contract in an amount

18 that is not presently known to Oakley. Oakley is entitled to monetary relief in

19 an amount to be determined at trial.

20       83.     Due to Defendant's breach of contract, Oakley has suffered and

21 continues to suffer great and irreparable injury, for which Oakley has no

22 adequate remedy at law. Oakley is entitled to injunctive relief from Defendant's

23 wrongful conduct.

24       84.

25

26 / / /

27 / / /

28 / / /

              COMPLAINT

## **FIFTH CLAIM FOR RELIEF**

(California Unfair Competition)

85.     Oakley repeats and re-alleges the allegations of paragraphs 1-27 and 56- 75 of this Complaint as if set forth fully herein.

86.     This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. and California common law.

87.     Defendant's acts of trade dress infringement and false designation of origin complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, et seq.

88.     Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

89.     By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or importing into the United States Defendant's sunglass models XF032, XF006, XF017, XF015, and the

sunglasses identified above as infringing the D794 Patent, the D689 Patent, and the D818 Patent, as well as any products that are not colorably different from these products;

C.    A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing any of the Asserted Patents in violation of 35 U.S.C. § 271;

D.    That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 284 and § 289;

E.    An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F.    That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a);

G.    That the Court find for Oakley and against Defendant on Oakley's claims of unfair competition under California Business & Professions Code § 17200, et seq. and California common law;

H.    That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.    Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's

COMPLAINT

KS1375 product shown above and any products that are not colorably different therefrom;

2.   using Oakley's HOLBROOK Trade Dress, or any other trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress;

3.   falsely designating the origin of Defendant's goods;

4.   unfairly competing with Oakley in any manner whatsoever;

5.   causing a likelihood of confusion or injuries to Oakley's business reputation; and,

6.   manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling any goods that infringe Oakley's HOLBROOK Trade Dress.

I.   That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, and unfair competition, and that Oakley be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1.   all profits received by Defendant as a result of its infringing actions, said amount to be trebled;

2.   all damages sustained by Oakley as a result of Defendant's acts of trade dress infringement, unfair competition, and false designation of origin, and that such damages be trebled; and

3.   punitive damages stemming from Defendant's willful, intentional, and malicious acts;

J.   That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

K.   An Order adjudging that this is an exceptional case;

1   L.   That, because of the exceptional nature of this case resulting from

2   Defendant's deliberate infringing actions, this Court award to Oakley all

3   reasonable attorneys' fees, costs, and disbursements incurred as a result of this

4   action, pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

5   M.   That Oakley recover exemplary damages pursuant to California

6   Civil Code § 3294;

7   N.   An award of pre-judgment and post-judgment interest and costs of

8   this action against Defendant;

9   O.   ███████████████████████████████████

10  ████

11  P.   ███████████████████████████████████

12  ██████████████████████████████████████

13  ██████████████████████

14  Q.   ███████████████████████████████████

15  ██████████████████████████████████████

16  █████████████

17  R.   Such other and further relief as this Court may deem just and

18  proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  September 11, 2017        By:/s/ Ali S. Razai
                                     Michael K. Friedland
                                     Ali S. Razai
                                     Daniel C. Kiang

Attorneys for Plaintiff Oakley, Inc.

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so

3 triable.

4                          Respectfully submitted,

5                          KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7 Dated: September 11, 2017          By:/s/ Ali S. Razai

8                                         Michael K. Friedland
                                          Ali S. Razai
9                                         Daniel C. Kiang

10                          Attorneys for Plaintiff Oakley, Inc.

11

12
   20052605
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28