UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>      Plaintiff,<br><br> v.<br><br>LIPOPSUN INTERNATIONAL CORPORATION, a California corporation,<br><br>      Defendant. | CASE NO. 17CV1838 CAB (BGS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

  The Court GRANTS the parties Joint Motion for entry of the Stipulated Protective Order as set forth below.[1] The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

---

[1] The Court modifies the language submitted by the parties in paragraph 12 and adds an addendum, Protective Orders and Requests to File under Seal in Civil Cases, to conform the Stipulated Protective Order to the Hon. Cathy Ann Bencivengo's Civil Case Procedures, Section V.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, its attorneys, paralegals, secretaries, and other support staff that are employed by outside counsel of record or working directly for outside counsel of record.

///

**GENERAL RULES**

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    c. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

    d. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY;"

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate.

7. All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such shall be bound by the terms of this Order:

    a. Executives who are required to participate in policy decisions with reference to this action;

b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

///

c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. No document, including materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information, shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. If a party seeks to file any document or information under seal, it must follow the procedures set for in Judge Bencivengo's Civil Case Procedures, Section V, and as set forth and the conclusion of this Order.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials

and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the

receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY".

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon written request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides within sixty (60) days. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such

retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Any action by this Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential Information to the party that produced the information or the destruction thereof.

22. The restrictions and obligations set forth herein shall not apply to any information that:

    a. the parties agree should not be designated Confidential Information;

    b. the parties agree, or the Court rules, is already public knowledge;

    c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    d. has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

23. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24. Transmission by facsimile is acceptable for all notification purposes herein.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

27. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

28. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: February 5, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

**Protective Orders and Requests to File under Seal in Civil Cases**

Although the Court acknowledges the parties' desire to maintain the confidentiality of documents produced in discovery, "[w]hen discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003). The public policy reasons behind a presumption of access to judicial documents apply. Id. The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show <u>compelling reasons</u> to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective

- 10 -
CASE NO. 17CV1838 CAB (BGS)

order. *See Foltz*, 331 F.3d at 1135-36. Once the protected discovery documents are made part of a dispositive motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material confidential. *See id.*, at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Foltz*, 331 F.3d at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos*, 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).

Because the party that designated material as confidential should have the burden (and expense) of moving to file such documents under seal, the following procedures shall apply when a party intends to file a dispositive motion that cites to or attaches documents designated confidential.

> 1. If the party filing the dispositive motion (or opposition thereto) intends to cite or attach documents or information that it believes should be filed under seal, the moving party must file a motion for permission to file under seal at least **seven calendar days** prior to the date on which it intends to file the dispositive motion. A courtesy copy of the motion for permission to file

under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its dispositive motion (or opposition) consistent with the Court's order.

2. If the party filing the dispositive motion (or opposition thereto) intends to cite or attach documents or information that another party has designated as confidential pursuant to a protective order entered in the case, it shall serve notice to the designating party by email, no later than **eight business days** prior to the date it intends to file the dispositive motion, specifically identifying the documents and information it is contemplating using in connection with the dispositive motion. The designating party shall then have **four business days** from the date of the notice to file a motion seeking permission for the documents and information to be filed under seal. A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its dispositive motion (or opposition) consistent with the Court's order. If the designating party does not timely file a motion for permission to file under seal, the confidential designation will be deemed waived, and the party seeking to use the documents or information shall file it publicly in connection with its dispositive motion or opposition.

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIPOPSUN INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendant. | CASE NO. 17CV01838-CAB BGS<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____ , declare and say that:

1. I am employed as _____
by _____.

2. I have read the Protective Order entered in <u>Oakley, Inc. v. Lipopsun</u>, Case No. 17CV01838 CAB BGS, and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-FOR COUNSEL ONLY" information with anyone other than the persons described in paragraph 3 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California

with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-FOR COUNSEL ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court. I declare under penalty of perjury that the foregoing is true and correct.

Date:_____     Name:_____